UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JONATHAN MUNOZ and RAQUEL MUNOZ,

    Plaintiffs,

v.

INCEPTION, LLC and NATERA, INC.,

    Defendants.

Case No. 2:21-cv-01297-RFB-EJY

**ORDER**

**and**

**REPORT AND RECOMMENDATION**

RE: ECF No. 1-1

Pending before the Court is pro se Plaintiffs' application to proceed *in forma pauperis* and Plaintiffs' proposed Complaint. ECF Nos. 1, 1-1. Plaintiffs submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant their request to proceed *in forma pauperis*.

I.      **SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiffs allege that while seeking fertility treatments and procedures from a subsidiary of Inception, LLC, they were "under the impression their medical insurance would pay for the costs" associated with that treatment. ECF No. 1-1 at 3. They claim that "at no time did Inception, LLC inform the plaintiffs of the costs they will most likely accrue as a result of the tests and procedures to be performed." *Id*. at 3. Plaintiffs received a bill for initial bloodwork and tests, but they were never informed that "they would be paying out of pocket" for them. *Id.* Plaintiffs received numerous other bills requiring out-of-pocket payments that Plaintiffs claimed they were never informed they would have to pay. *Id*. at 3–4. In particular, Plaintiffs received a $649 bill for bloodwork by Natera, Inc., but they were told that they would only need to pay $200. *Id*. at 4. Plaintiffs claim that a representative of an Inception Inc. subsidiary told them that the bills they received were "generated from standard billing codes for routine procedures performed by Inception, LLC" and therefore, "more likely than not, there is a potential class of persons similarly situated to the plaintiffs that have also paid money to the defendants in excess of the $200 amount they should have been billed for." *Id*. at 6.

Plaintiffs claim that Defendants violated NRS 449A.106, a state statute setting out patient rights concerning treatment and billing from medical facilities. Specifically, Plaintiffs claim that Defendants violated NRS 449A.106(6)(d), stating that patients have the right to receive information necessary for the patient to give his or her informed consent to a procedure or treatment, including "the costs likely to be incurred for the treatment or procedure and any alternative treatment or procedure." Plaintiffs also allege that Defendant violated NRS 449A.106(7), which gives patients

1  the right to "examine the bill for his or her care and receive an explanation of the bill, whether or not

2  the patient is personally responsible for payment of the bill."

3  As relief, Plaintiffs request $451,347 in compensatory and punitive damages.  ECF No. 1-1

4  at 7.  Plaintiffs also note that they believe others might be affected by Defendants' failure to explain

5  the costs associated with fertility procedures and asks the Court "to create a class fund for persons

6  also harmed by being overbilled for the standard coding, tests, and procedures discussed in this

7  case."  *Id*.  Finally, Plaintiffs request that the Court assign a third party to administer this class fund,

8  and that it be no less than $5,000,000.  *Id*.

9  **A.    NRS 449A.106 does not create a private right of action and cannot form the basis**
       **of Plaintiffs' lawsuit**.

10

11  Plaintiffs bring this action under NRS 449A.106.  The statute, previously codified as NRS

12  449A.710, is part of the Nevada code outlining patients' rights at medical facilities.  *See* NRS 449A

13  *et seq*.  While the statute lists the information and options all patients shall have, the statutory scheme

14  does not specifically set forth remedies for its violation.  The Nevada Supreme Court generally holds

15  that "when no clear statutory language authorizes a private right of action, one may be implied [only]

16  if the Legislature so intended."  *Neville v. Eighth Jud. Dist. Ct.*, 406 P.3d 499, 502–03 (Nev. 2017)

17  ("Without legislative intent to create a private judicial remedy, a cause of action does not exist and

18  courts may not create one, no matter how desirable that might be as a policy matter, or how

19  compatible with the statute.").  While the Court has not located authority discussing whether NRS

20  449A.106 confers a private right of action, it is persuaded by cases discussing companion sections

21  of NRS 449A.  *See Yates v. Naphcare*, Case No. 12-cv-1895, 2013 WL 4519349, at *2 (D. Nev.

22  Aug. 23, 2012) (dismissing claim under that companion statute NRS 449A.112 (then NRS 449.720)

23  because it does not confer a private right of action); *see also Norberg v. Nevada Center for

24  Dermatology*, Case No. 82083-COA, 2021 WL 3032703 (Nev. Ct. App. July 16, 2021) (discussing

25  Nevada's test to determine whether a statute confers a private right of action with respect to NRS

26  449A.112).  Based on the foregoing, the Court finds Plaintiffs may not assert a private right of action

27  under NRS 449A.106.

28

**B.** __Plaintiffs cannot request relief on behalf of other potential litigants__.

Plaintiffs seek to certify a potential class of persons who were subjected to the same practices alleged in their Complaint.  Pro se plaintiffs may only represent themselves—they are prohibited from pursuing claims on behalf of others in a representative capacity.  *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself.").  Thus, to the extent Plaintiffs seek relief on behalf of a class of similarly situated persons, they are not permitted to do so.  The Court finds amendment to Plaintiffs' Complaint must remove requests for relief on behalf of a class.

**C.** __Plaintiffs do not state a claim for medical malpractice or misrepresentation__.

Plaintiffs allege that Defendants "have worked together to obtain money from the plaintiffs under misrepresentations, omissions, and false statements."  To the extent Plaintiffs are attempting to bring intentional or negligent misrepresentation claims against Defendants, they have not met the pleadings standards to do so.   The elements of intentional misrepresentation (fraud) in Nevada are: (1) a false representation by the defendant; (2) the defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) the defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) the plaintiff's justifiable reliance upon the misrepresentation; and (5) resulting damage.  *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (citing *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975)). The elements of negligent misrepresentation in Nevada are: (1) a false representation by the defendant; (2) made in the course of the defendant's business or in any action in which he has a pecuniary interest; (3) for the guidance of others in their business transactions; (4) the plaintiff's justifiable reliance upon the misrepresentation; (5) resulting damage; and (6) failure to exercise reasonable care or competence in obtaining or communicating the information.  *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006).  Plaintiffs do not sufficiently claim that Defendants knowingly made false representations upon which they intended Plaintiffs to rely.  Because Plaintiffs may be able to add facts to state an intentional or negligent

1     misrepresentation claim, the Court will recommend Plaintiffs be allowed to amend their Complaint

2     if they believe they are able to state those claims.

3           Plaintiffs also note that they should have been given cost information "in order for the

4     plaintiffs to [be] provided informed consent under NRS 449A.106." ECF No. 1-1 at 5. To the extent

5     Plaintiffs intend to bring a medical malpractice claim based on lack of informed consent, they have

6     not stated a claim. "The standard relating to informed consent that has been adopted [by Nevada] is

7     a professional standard under which a doctor has a duty to disclose information that a reasonable

8     practitioner in the same field of practice would disclose." *Smith v. Cotter*, 810 P.2d 1204, 1207

9     (Nev. 1991) (internal quotations omitted). "The physician's duty to disclose is measured by a

10    professional medical standard, which the plaintiff must establish with expert testimony." *Id*.

11    (quoting *Beattie v. Thomas*, 668 P.2d 268, 271 (Nev. 1983)). The Court has not located a case in

12    which medical malpractice is found based on lack of informed consent regarding the costs of medical

13    procedures. However, the Court recognizes that the Nevada Supreme Court has upheld trial court

14    determinations that doctors can be found negligent by failing to comply with the requirements of

15    NRS 449A.106(6). *See Smith*, 810 P.2d at 1207 (discussing the application of NRS 449A.710 (now

16    NRS 449A.106) in informed consent action concerning a doctor's failure to disclose significant

17    medical risks before a procedure). Therefore, the Court will allow amendment if Plaintiffs wish to

18    pursue a claim for lack of informed consent and believe they can state such a claim.

19   **II.    ORDER**

20           Accordingly, IT IS HEREBY ORDERED that Plaintiffs' request to proceed *in forma*

21   *pauperis* is **GRANTED**. Plaintiffs shall not be required to pay the filing fee of four hundred dollars

22   ($400.00). Plaintiffs are permitted to maintain this action to conclusion without the necessity of

23   prepayment of any additional fees or costs or the giving of a security therefor. This Order granting

24   leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at

25   government expense.

26           IT IS FURTHER ORDERED that the Clerk's Office shall separate Plaintiff's Complaint

27   (ECF No. 1-1) from ECF No. 1 and file the same on the docket.

28

### III.    RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiffs' Complaint be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiffs have until **October 3, 2021**, to file a first amended complaint, if the noted deficiencies can be corrected.  If Plaintiffs choose to file a first amended complaint, Plaintiffs are informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files a first amended complaint, all prior complaints no longer serve any function in the case.  Therefore, in Plaintiffs' first amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

IT IS FURTHER RECOMMENDED that if Plaintiffs fail to timely comply with the terms of this Order, this action will be dismissed without prejudice in its entirety.

Dated this 2nd day of September, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).