UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN MUNOZ and RAQUEL MUNOZ, <br><br> Plaintiffs, <br><br> v. <br><br> INCEPTION, LLC and NATERA, INC., <br><br> Defendants. | Case No. 2:21-cv-01297-RFB-EJY <br><br> **REPORT AND RECOMMENDATION** <br><br> RE: ECF No. 6 |

Pending before the Court is pro se Plaintiff's Amended Complaint. ECF No. 6. Plaintiff was granted *in forma pauperis* status on September 2, 2021. ECF No. 4.

## I.  SCREENING THE COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.  JURISDICTION

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Well settled law holds that a claim made in good faith satisfies the jurisdictional requirement for diversity. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-289 (1938). However, if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed" then the suit must be dismissed. *Id.* at 289. "It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *Id.* at 288 fn. 10 *citing McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182-189 (1936). The party seeking diversity jurisdiction, thus, bears the burden of proof of demonstrating federal jurisdiction, and must support their claim with "competent proof." *McNutt,* 298 U.S. at 189; *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996).

Plaintiff's damages in this case consists of $4,200 alleged to represent three times the total amount billed and paid by Plaintiff for certain medical treatment he claims violated Nevada's Deceptive Trade Practice Act and:

- $451,347, which he states is the cost of one year of *in vitro* treatment at an average cost of $12,500 per treatment. Plaintiff states this amount should be paid to "restore" his "trust in fertility institutions";
- $100,000 for intangible harm Plaintiff states was inflicted upon him (and his family); and,
- $1,500,000 in punitive damages, which Plaintiff says is three times his tangible and intangible harm.

Plaintiff's calculation of $451,347 for one year of *in vitro* treatment equals approximately 36 treatments or one every 1.4 weeks. Plaintiff pleads nothing that suggests, let alone supports that this is likely, usual or even possible. With respect to Plaintiff's claims for damages of $100,000 for himself and his family, this fails to identify what portion is harm he allegedly suffered and what he seeks for his family. Pro se plaintiffs cannot plead or seek damages on behalf of anyone other than himself. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

With respect to Plaintiff's prayer for punitive damages, those damages are not included in determining the amount in controversy if an award of such damages is a mere possibility. *Surber v. Reliance Nat. Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Ca. 2000). A plaintiff must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000. *McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F.Supp.2d 1143, 1149 (D. Nev. 2004).

Here, Plaintiff claim for punitive damages, while potentially possible, is not more likely than not. To prevail on a punitive damages claim in Nevada a plaintiff must demonstrate by clear and convincing evidence that the defendant is "guilty of oppression, fraud or malice, express or implied." NRS 42.005. "Oppression means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person. Fraud means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person. [E]xpress malice is conduct which is intended to injure a person; implied malice is despicable conduct which is engaged in with a conscious disregard of the rights ... of others." *Bongiovi v. Sullivan*, 138 P.3d 433, 452 (Nev. 2006) (internal citations and quote marks omitted).

Plaintiff's Amended Complaint alleges he paid several small bills related to fertility tests and procedures for which he could not obtain adequate explanation. ECF No. 6 at 3-4. When a representative of Defendant Inception, LLC attempted to settle with Plaintiff, Plaintiff refused to do so. *Id*. at 5. Certainly, it was Plaintiff's prerogative to refuse resolution and pursue his claims. That

3

said, however, the facts do not support a likely demonstration of clear and convincing evidence that any Defendant engaged in oppression, fraud or malice.

In sum, the Court finds that Plaintiff fails to allege sufficiently particular facts establishing diversity jurisdiction that, if appropriately challenged, would support a finding of an amount in controversy exceeding $75,000.

### III.    RECOMMENDTION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 6) be dismissed without prejudice such that Plaintiff may proceed against Defendants in the Eighth Judicial District Court for Clark County, Nevada.

Dated this 1st day of November, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).